IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CHERYL S. WRIGHT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) FILE NO. |
| **MOREHOUSE SCHOOL OF MEDICINE, INC. and VALERIE MONTGOMERY RICE, M.D.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) **JURY TRIAL DEMANDED** |
| _____ | ) |

## COMPLAINT

Plaintiff Cheryl S. Wright brings this suit—demanding trial by jury—under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., to recover unpaid overtime compensation, liquidated damages, and her attorney's fees and costs from Defendants Morehouse School of Medicine, Inc. and Valerie Montgomery Rice, M.D., alleging as follows:

## OVERVIEW

1. Defendants Morehouse School of Medicine, Inc. and Valerie Montgomery Rice, M.D. have failed to pay Plaintiff federally mandated overtime

in violation of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, et seq.

## JURISDICTION AND VENUE

2. The claims herein present federal questions, and jurisdiction of this Court is predicated under 28 U.S.C. § 1331, and FLSA, 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391. The cause of action arose in Fulton County, Georgia, in the Northern District of Georgia.

## PARTIES

4. Plaintiff Cheryl S. Wright ("Plaintiff Wright" or Mrs. Wright") is a resident of the Northern District of Georgia and a citizen of the State of Georgia. Mrs. Wright was an employee of Morehouse School of Medicine from January 2010 to April 2012 and entitled to the protections of the FLSA under 20 U.S.C. § 203(e).

5. Defendant Morehouse School of Medicine ("Defendant" or "MSM") is a non-profit Georgia corporation, and process may be served upon its registered agent, Harold W. Jordan, II, at 720 Westview Drive, S.W., Atlanta, Georgia 30310. MSM is a private academic institution of higher learning subject to the personal jurisdiction of this court.

6. Defendant Valerie Montgomery Rice, M.D. ("Defendant" or "Dr. Montgomery Rice") is a resident of the Northern District of Georgia and a citizen of the State of Georgia. This court has personal jurisdiction over Dr. Montgomery Rice.

7. Under 29 U.S.C. § 203(d), the definition of "employer" with regard to liability under the FLSA includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." Defendants MSM and Dr. Montgomery Rice were substantially in control of the terms and conditions of Mrs. Wright's work and therefore both may be considered a statutory employer under 29 U.S.C. § 203(d).

8. Defendants MSM and Dr. Montgomery Rice are each an "employer" as defined by § 3(a) of the FLSA and enterprises engaged in commerce within the meaning of § 3(s)(1) of the FLSA. [29 U.S.C. § 203(s)(1)].

9. MSM and Dr. Montgomery Rice have violated the provisions of §§ 7 and 15(a)(2) of the FLSA [29 U.S.C. §§ 207 and 215(a)(2)] by employing Plaintiff Wright, an employee engaged in commerce, for work weeks longer than 40 hours without compensating Plaintiff Wright for her employment in excess of 40 hours at a rate not less than 1½ times the regular rate at which Plaintiff Wright was employed.

10. Defendants' violations of FLSA were willful and without justification or excuse under 29 U.S.C. § 201, et seq. because defendants knowingly falsely classified Plaintiff as a so-called "exempt" employee with full knowledge that her tasks and job duties did not meet the standards of any exemption under the FLSA. Based on these willful violations, Mrs. Wright seeks liquidated damages. 29 U.S.C. § 216(b).

11. Mrs. Wright also seeks her attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

12. Mrs. Wright was employed full time by MSM from January 25, 2010, until July 10, 2011, in the Office of the General Counsel. In this position, she performed secretarial and administrative duties similar to that of six non-exempt employees in the office and was paid overtime.

13. Mrs. Wright next accepted a position as the so-called "Executive Assistant" to Dr. Valerie Montgomery Rice, M.D., the Dean and Executive Vice President of MSM. Mrs. Wright received a pay raise from $45,000 to $60,000 and was reclassified as "exempt" with the understanding that she would work an average of 50 hours a week.

14. From July 11, 2011, until she was involuntarily terminated on April 4, 2012, Mrs. Wright worked as Dr. Montgomery Rice's assistant. Mrs. Wright was detailed to various secretarial tasks that included scheduling of meetings, travel and Dr. Montgomery Rice's attendance at annual conferences, as well as other administrative tasks. Mrs. Wright also performed personal tasks at the direction of Dr. Montgomery Rice.

15. MSM compensated Mrs. Wright based on a biweekly "salary" of $2,307.69 or approximately $29.00 per hour for a 50-hour workweek that was supposed to include a one-hour lunch break each day. However, Mrs. Wright rarely was able to leave her desk much less take a lunch break due to the demands of Dr. Montgomery Rice. Moreover, Mrs. Wright's workweeks routinely averaged 60 hours per week, time for which she was not compensated.

16. During the relevant period, Mrs. Wright worked numerous weeks in excess of 40 hours in a workweek ("overtime hours"), yet was not compensated for the work in excess of 40 hours at a rate not less than 1½ times the regular rate that she was paid.

17. Defendants regularly required Mrs. Wright to work extended hours. For instance, Mrs. Wright would have to stay late in order to be available to Dr. Montgomery Rice at the close of meetings that concluded late in the evenings.

18. Defendants also required Mrs. Wright to work early morning pre-office hours, in the evening and on the weekends to respond to phone calls, e-mails and text messages.

19. Defendants offered Mrs. Wright the choice of an employer-provided phone or reimbursement for her personal cell phone. Mrs. Wright chose reimbursement. However, defendants did not reimburse her for the out-of-pocket expense for the use of her personal cell phone as promised for work that Defendants' required.

20. Dr. Montgomery Rice required that Mrs. Wright run personal errands for her during business hours. Specifically, Mrs. Wright would frequently pick up Dr. Rice's son and/or other acquaintances and transport them to various locations, as well as perform shopping errands for Dr. Montgomery Rice. Mrs. Wright requested reimbursement for her mileage expenses from Dr. Montgomery Rice and MSM. However, Mrs. Wright's mileage expenses for using her car for employer business were never reimbursed.

21. Defendants' conduct in not complying with the FLSA was willful in failing to pay Mrs. Wright the overtime compensation required by the Act. Dr. Montgomery Rice and MSM knew from prior experience that there was no basis for defendants to classify Mrs. Wright as an exempt employee pursuant to 29

U.S.C. § 213(a)(1). Dr. Montgomery Rice and MSM's conduct in not complying with the FLSA was willful.

22.     Defendants misclassified Mrs. Wright as an "exempt" employee with the knowledge she would perform the exact job functions as employees working for other administrators who were compensated for overtime.

23.     Mrs. Wright is owed at least 720 hours of uncompensated overtime pay. Based on her actual hours worked, according to Defendants' weekly schedules, Mrs. Wright is owed 480 hours for 2011 and 240 hours for 2012.

24.     Mrs. Wright is also owed reimbursement for mileage and for the use of her personal cell phone.

## COUNT I: FAILURE TO COMPENSATE FOR OVERTIME HOURS IN VIOLATION OF FLSA

25.     Plaintiff Wright incorporates by reference paragraphs 1-24 of this Complaint as if set forth fully here.

26.     Plaintiff Wright brings this action to recover overtime compensation under 29 U.S.C. § 216(b).

27.     Defendants did not properly compensate Plaintiff Wright for overtime hours during the relevant period of her employment with MSM.

28. Defendants failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff Wright for the time period required by law.

29. Defendants acted willfully in failing to pay the overtime compensation required by FLSA to Plaintiff Wright.

30. Plaintiff Wright is entitled to the recovery of twice her unpaid overtime compensation in liquidated damages pursuant to 29 U.S.C. § 216(b).

31. Plaintiff Wright is also entitled to recover her attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Mrs. Wright demands a TRIAL BY JURY and for the following relief:

(a) An award to her of the overtime pay she is owed;

(b) An award to her of liquidated damages for Defendants' willful violations of FLSA's overtime provisions;

(c) Reasonable attorney's fees and costs; and

(d) Such other relief as this court finds just and proper.

Respectfully submitted this 16th day of April, 2012.

                                                s/Elizabeth Ann Morgan
                                                Elizabeth Ann Morgan
                                                Georgia Bar No. 522206

                              Candice D. McKinley
                              Georgia Bar No. 253892
                              THE MORGAN LAW FIRM P.C.
                              260 Peachtree Street, Suite 1601
                              Atlanta, Georgia 30303
                              TEL: 404-496-5430
                              morgan@morganlawpc.com
                              mckinley@morganlawpc.com