IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |  |
|---|---|---|
| CHERYL S. WRIGHT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:12-cv-1287-AT |
| | : | |
| MOREHOUSE SCHOOL OF | : | |
| MEDICINE, INC. and VALERIE | : | |
| MONTGOMERY RICE, M.D., | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

This matter is before the Court on the Settlement Agreement and Release submitted by the parties for the Court's review and approval. In her complaint, Plaintiff Cheryl S. Wright alleged that Defendants Morehouse School of Medicine, Inc. and Montgomery Rice, M.D. had engaged in a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), by failing to pay overtime wages. The Defendants denied each of Plaintiff's claims in the action and denied Plaintiff was entitled to any relief.

After engaging in discovery, the parties negotiated a settlement of Plaintiff's claims. The parties submitted the settlement agreement to the Court for in camera review. The Court thereafter on November 1, 2012, held a

telephone conference with counsel for both parties to determine the precise scope of relief agreed upon as well as the evidentiary and legal basis of any compromise of Plaintiff's rights negotiated.

The Fair Labor Standards Act ("FLSA") imposes the obligation to pay unpaid overtime compensation and "an additional equal amount as liquidated damages" on employers who violate its requirement that overtime wages be paid. 29 U.S.C. § 216(b).  Under the FLSA, there are only two routes for compromise of FLSA claims.  "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them."  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  *See* 29 U.S.C. § 216(c)  Alternatively, employees' claims may be compromised in a private FLSA action for back wages only after the district court reviews the proposed settlement and enters "a stipulated judgment after scrutinizing the settlement for fairness." Id.

In reaching the subject settlement, the parties recognized that there were certain litigation risks that each side faced with respect to proof of the scope of hours of overtime Plaintiff worked and Defendant's exemption claim.  After review of the settlement agreement and hearing counsel's views regarding the terms of settlement, the Court finds the settlement agreement is the product of arm's length bargaining between experienced counsel. This settlement enables the parties to avoid recognized and real litigation risks posed by their respective

positions.  The provisions of the Agreement are fair, adequate, and reasonable. Plaintiff will receive an appropriate proportionate amount of wages owed. Plaintiff's attorneys' fees and expenses are reasonable but not excessive and will be reimbursed separate and apart from Plaintiff's individual wage payments.

THEREFORE, the following measures are ORDERED:

1. The Court **APPROVES** the Settlement Agreement as a fair, reasonable, and adequate resolution of this action.  The parties are directed to distribute the settlement proceeds consistent with the terms of the Agreement.

2. The Settlement Agreement itself shall remain confidential.

A stipulation of dismissal with prejudice signed by all parties pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure has been filed [Doc. 26]. The Court hereby **APPROVES** the stipulation of dismissal.  As no matters remain pending before the Court, this action is closed.

It is so ORDERED this 1st day of November, 2012.

_____
Amy Totenberg
United States District Judge

3